IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GUILLERMINA MONTELONGO § | |
| § | |
| VS. § | CIVIL ACTION NO. B-02-176 |
| § | JURY DEMANDED |
| TITAN TIRE CORPORATION OF TEXAS § | |
| and RUSSELL ASH § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Guillermina Montelongo files this Amended Complaint against Defendants Titan Tire Corporation of Texas and Russell Ash, seeking compensatory and exemplary damages as a result of the sexual harrassment and other workplace torts that Defendants committed.

**I.
PARTIES**

1.1   Plaintiff is an individual residing in Cameron County, Texas.

1.2   Defendant Titan Tire Corporation of Texas is a Texas corporation with its principal place of business in Brownsville, Texas. It may be served by personal service upon its registered agent, Titan Wheel International, Inc., 6700 Parades Line Road, Brownsville, Texas 78520.

1.3   Defendant Russell Ash is a United States Citizen residing in Uruguay. He may be served with process at his current place of employment, FUNSA, Camino Corrales 3076, P.O. Box 15-175, District No. 5, 12000, Montevideo, Uruguay.

**II.
VENUE & JURISDICTION**

2.1   The unlawful employment practices alleged in this Complaint were committed in Cameron County in the Southern District of Texas.

2.2   Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. sections 1337 and 1343(4) and 42 U.S.C. section 2000e-5(f). Plaintiff also invokes the Court's pendent jurisdiction. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Texas Labor Code, and the common law.

## III.
## BACKGROUND

3.1   Guillermina Montelongo ("Plaintiff") began working for Defendant Titan Tire Corporation of Texas ("Titan") on or about November 30, 1998.

3.2   Defendant Russell Ash was Plaintiff's supervisor.

3.3   Ash made repeated romantic advances toward Plaintiff.

3.4   Plaintiff declined each of Ash's advances.

3.5   The very first time Ash asked Plaintiff out, Plaintiff declined and said she did not drink and that she was married.

3.6   Because of Ash's unwelcome advances, Plaintiff sought medical attention at Valley Doctor's Clinic in or around October 2000. A doctor wrote a note to Titan saying that Plaintiff needed time off due to stress and symptoms of severe depression.

3.7   When Ash discovered his attempts at wooing the Plaintiff had failed, Ash retaliated by demoting Plaintiff.

3.8   After demoting her, Ash continued to retaliate against the Plaintiff by harassing her. Once, in front of other employees, Ash said he "needed to fire [Plaintiff] or find a way to fire [Plaintiff] because [she] was a fucking bitch." In addition, Ash constantly yelled at Plaintiff.

3.9   Defendant Ash's conduct was sufficiently pervasive to alter the terms and conditions of Plaintiff's employment and created a working environment that was intimidating, insulting

and abusive to female employees.

3.10  As a result of Ash's sexual harassment, Plaintiff was obliged to resign her employment on or around August 10, 2001 and was thereby constructively discharged.

## IV.
## FIRST CAUSE OF ACTION: TITLE VII VIOLATION

4.1  Defendants discriminated against Plaintiff because of her sex in violation of section 703(a) of Title VII by constructively terminating and otherwise discriminating against her, by engaging in, tolerating or failing to prevent the sexual harassment alleged above and by failing to take affirmative action to correct and redress these unlawful employment practices. Defendants also discriminated against Plaintiff in violation of section 704 of Title VII by constructively terminating her because of her opposition to the unsolicited and unwelcome sexual advances forced upon her and the other sexual harassment in her workplace.

4.2  Plaintiff believes that the effect of the defendants' unlawful employment practices had been to limit, classify and discriminate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII; and Plaintiff, a victim of such practices, is now and will continue to be unlawfully deprived of income in the form of wages and prospective benefits, and other monetary and non-monetary benefits due to her solely because of her sex in sums to be proved at trial.

4.3  Defendant has acted maliciously or with reckless indifference to Plaintiff's rights under federal law.

4.4  Plaintiff is entitled to recover from the Defendants reasonable attorneys' fees as provided in section 706(k) of Title VII.

## V.
## SECOND CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5.1   During Plaintiff's employment, Defendant Ash's conduct exceeded the bounds of decency tolerated in the State of Texas. The harassment which ultimately caused the termination of Plaintiff's employment was either intended to cause her severe emotional distress or was perpetrated with reckless indifference to the likelihood that it would cause severe emotional distress. Defendants are, therefore, liable to the Plaintiff for all damages proximately resulting from the distress she has suffered relating to Defendant Ash's conduct.

## VI.
## THIRD CAUSE OF ACTION: TEXAS LABOR CODE VIOLATION

6.1   Defendants' discrimination against Plaintiff because of her sex violated the Texas Human Rights Commission Act.

## VII.
## VICARIOUS LIABILITY

7.1   Defendant Titan is vicariously liable for the misfeasant and malfeasant conduct of its employees, because those employees are agents of Titan.

## VIII.
## JURY DEMAND

8.1   Plaintiff demands trial by jury.

## IX.
## PRAYER FOR RELIEF

9.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that citation be issued and defendants be served and that Plaintiffs recover judgment against Defendants, jointly and severally, for actual damages, exemplary damages, prejudgment interest, post-judgment interest, and court costs.

Respectfully submitted,
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

By: _____
Michael R. Cowen
Texas Bar No. 00795306
Federal I.D. 19967
Carlos Cisneros
Texas Bar No. 00793508
Chuck Mattingly
Texas Bar No. 00791202
CISNEROS & MATTINGLY, P.C.
845 E. Harrison
Brownsville, Texas 78520
Telephone (956) 504-2260
Facsimile (956) 504-5988

## CERTIFICATE OF SERVICE

I, Michael R. Cowen, P.C., hereby certify that I sent a copy of the foregoing document to all opposing counsel of record in the manner indicated below on this the 2nd day of October, 2002.

Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
3505 Chica Blvd, Suite 460
Brownsville, TX 78521

**Via Facsimile (956) 541-1846**
**& Regular U.S. Mail**

_____
Michael R. Cowen, P.C.